DECISION
This matter involves a dispute between the State of Rhode Island, Department of Corrections (hereinafter "State") and the Rhode Island Probation and Parole Association (hereinafter "Union") that arose when the State changed the working hours of a bargaining-unit position.
 Facts and Travel
Prior to December 2002, the Union represented thirty-six clerical employees in the Rhode Island Court System, all of whom had scheduled work hours from 8:30 A.M. to 4:00 P.M. Monday through Friday. Two of these employees held the position of senior word processing typist and were assigned to the Providence District Court where, among other things, they were responsible for the preparation of court documents before the start of each court session.[1] To accommodate the court schedule, these two typists reported to work an hour early to prepare court materials and were compensated for one hour of overtime each day.
In December of 2002, one of the senior word processing typist's position became vacant and the State subsequently posted the vacancy with new work hours of 7:30 A.M. to 3:00 P.M. This position now is the only one in the bargaining unit whose scheduled work hours are not *Page 2 
8:30 A.M. to 4:00 P.M. When the vacancy was filled, the employee filling it no longer received the one hour of overtime since her hours were 7:30 A.M. to 3:00 P.M.
The Union filed a grievance alleging that the State had violated Article 5 of the Collective Bargaining Agreement (hereinafter "CBA") by changing the hours of work without negotiating a change with the Union. Hearings were held first before the Department of Corrections and then the State Department of Administration wherein findings were made that the State had not violated the CBA.
The matter was then referred to arbitration and heard on February 4, 2004. After hearing testimony, the arbitrator rendered a decision on January 21, 2005, sustaining the Union's grievance. Specifically, the arbitrator concluded that based on the testimony, evidence and record before him that: "Here the Union is persuasive that the State violated the agreement and changed the daily hours of a vacant position. The grievance is upheld. The parties are to meet regarding the posting of the senior word processing typist position in the Providence District Court. I will keep jurisdiction for 30 days in the event that the parties are unable to agree upon a remedy." The parties subsequently met but were unable to agree on a remedy. Thus, a remedy hearing was scheduled before the arbitrator on June 1, 2005.
On September 6, 2005, the arbitrator issued a second award. Up until this point, the State had not filed any motion to vacate the first award. At the second hearing, only oral argument was presented and the arbitrator ruled that, "The State is persuasive that management has followed the procedures of Section 5.2 in establishing this position. The remedy is that the hours posted for this clerical position at the Providence District Court shall remain. . . ." *Page 3 
 Standard of Review
On October 11, 2005, the matter came to this Court pursuant to G.L. 1956 § 28-9-17 on the Union's motion to confirm the first award. The State then filed a motion to confirm the second award and at the same time filed a motion to vacate the first award. It is well settled that the general rule is that judicial authority to review an arbitration award is statutorily prescribed and very limited. State of Rhode Islandv. Rhode Island Brotherhood of Correctional Officers, 867 A.2d 823. However, although public policy favors the final resolution of disputes by arbitration, this policy relies on the premise that arbitrators act within their power and authority. Town of Coventry v. Turco,574 A.2d 143.
Pursuant to § 28-9-18, the Court must make an order vacating the award upon the application of any party to the controversy, for example, when the award was procured by fraud; or where the arbitrator exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. Further, the award will be vacated if it is not based upon a passively plausible interpretation of the CBA so that a court may determine that the arbitrator manifested disregard of a contractual provision or reached an irrational result and thereby exceeded his or her authority. RhodeIsland Brotherhood of Correctional Officers v. State of Rhode Island,Dept. of Corrections, 707 A.2d 1234.
 Analysis
In its argument to this Court, the State suggests that the first award by the arbitrator was improper in that the Union president was notified by the State of the proposed change; that if the employee were given an hour of overtime, she, in essence, would be being compensated for work not done in violation of State law; and that it was within management's authority in the execution of the CBA to make such hourly adjustments. The State argues that regardless of what *Page 4 
the first award stated, the second award clearly spelled out the State's right to set these hours for this employee; and, because of that, the Court should enforce the second award. The State further notes that while it originally objected to the first award, albeit after the statutory time frame, it was withrawn later during these proceedings, for reasons of "judicial economy" and that only the second award had to be considered by the Court.
The Union argues that (1) the State's objection to the first award was not timely and was in any case later withdrawn; (2) that the arbitrator's ruling on the first award was based upon testimony presented to him along with evidence introduced at that hearing; (3) that the second award, which contradicts or reverses the first award, was arbitrary and irrational based upon that first decision, and because it went beyond the scope of a remedy hearing, must be disregarded or vacated; and, (4) that since the first award is now unchallenged by the State, that award must be confirmed.
The Court notes that the arbitrator in the first hearing heard testimony from a number of witnesses and had a chance to review various exhibits that were introduced. After hearing arguments of counsel and deliberating, he found that a grievance existed. Having done so, he then retained jurisdiction for a period of thirty days, directing the parties to seek and find a mutually-agreeable remedy for this violation of the CBA. For whatever reason, the State did not seek to vacate the first award within the ninety day statutory period for so doing. Section28-9-21 states "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party . . . within three (3) months after the award is filed or delivered. . . ."
When the parties were unable to find a remedy, the arbitrator conducted the second hearing without any indication that the purpose of that hearing would deal with anything other than a remedy. Without hearing any new testimony or receiving any new evidence, the arbitrator *Page 5 
fashioned a "remedy" that, in fact, reversed his first decision. He concluded that because the employee would be receiving compensation for work not done in violation of state law, as well as his belief that management had a right to act as it did pursuant to the CBA, that the 7:30 A.M. to 3:00 P.M. workday for this employee should stand. After this decision, the Union filed a timely motion to vacate the second award. Only after this did the State file its motion to vacate the first award and confirm the second.
When the matter was presented to this Court, the State, for reasons of "judicial economy," withdrew its objection to the first award and relied on the arguments pertaining to the second award. In so doing, the first award now stands unobjected to. This Court finds that the arbitrator in the second award went far beyond the scope of fashioning a remedy for the violation. Rather, he reconsidered the arguments of the first hearing and, without notice that he intended to do so and without new testimony or evidence in support of it, issued a second award that was totally inconsistent with the first one, holding that the State could change this employee's hours from 7:30 A.M. to 3:00 P.M. The arbitrator's conduct could be analogized to a civil trial that is bifurcated, first for a determination of liability, and then, if necessary, for a determination as to damages. In that scenario, if in the first hearing liability was found, the parties would be restricted in the second hearing to determine what the damage should be and not to re-litigate the liability issue. See Trade Transport, Inc. v. NaturalPetroleum Charters, Inc. 931 F.2d 191, 195 (2nd Circuit 1991) (citing the principle that once the arbitrator makes the initial award on liability, the arbitrator has no further authority to revisit liability during the remedy phase).
Because the Court finds that the first award was not timely objected to and/or not objected to al all based upon the State's withdrawal of its motion to vacate, and further because *Page 6 
that award was based upon a full hearing, it must stand. Since the second award not only went beyond the scope of a remedy hearing, but more significantly, contradicted the results of the first award, it is found to be arbitrary and in excess of authority. It is, therefore vacated.
 Conclusion
Accordingly, this Court has no alternative but to confirm the first award and vacate the second award. Since a remedy is still necessary, this Court remands the matter for further arbitration, as to a remedy only, consistent with the findings in the first award.
The parties may enter an order in conformity with this Decision.
[1] Among other things this would include checking for outstanding warrants for those arrested the previous evening. *Page 1